JORDAN ETH (CA SBN 121617)
JEth@mofo.com
ANNA ERICKSON WHITE (CA SBN 161385)
AWhite@mofo.com
ROBERT W. MAY (CA SBN 295566)
RMay@mofo.com
ANDREW J. WALCHUK (CA SBN 319275)
AWalchuk@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendants
GARY FRIEDMAN, KAREN BOONE, CARLOS ALBERINI,
KEITH BELLING, ERI CHAYA, MARK DEMILIO, KATIE
MITIC, ALI ROWGHANI, and LEONARD SCHLESINGER,
and Nominal Defendant RH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE RH SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Lead Case No.: 4:18-cv-02452-YGR<br><br>(Consolidated with: 3:18-cv-3930-YGR)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF INDIVIDUAL DEFENDANTS' AND NOMINAL DEFENDANT RH'S MOTION TO DISMISS PLAINTIFFS' VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT**<br><br>Hearing Date:   December 4, 2018<br>Hearing Time:  2:00 PM<br>Judge:    Hon. Yvonne Gonzalez Rogers |

REQUEST FOR JUDICIAL NOTICE
Case No. 4:18-cv-02452-YGR

Nominal Defendant RH ("RH" or the "Company") and Individual Defendants Gary Friedman, Karen Boone, Carlos Alberini, Keith Belling, Eri Chaya, Mark Demilio, Katie Mitic, Ali Rowghani, and Leonard Schlesinger have moved to dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint, Dkt. No. 25 (the "Complaint"), under Fed. R. Civ. P. 12(b)(6) and 23.1 (the "Motion"). In support of the Motion, the Individual Defendants and RH request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the declaration of Robert W. May in Support of Individual Defendants' and Nominal Defendant RH's Motion To Dismiss Plaintiffs' Verified Consolidated Shareholder Derivative Complaint (the "May Declaration").

## ARGUMENT

### I.      THE COURT SHOULD CONSIDER CERTAIN DOCUMENTS THAT ARE SUBJECT TO JUDICIAL NOTICE.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and (1) are either "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc,*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted). However, "a court cannot take judicial notice of disputed facts contained in such public records." *Id.* The contents of each of the exhibits attached to the May Declaration meet the Ninth Circuit's recently articulated standards for judicial notice.

Courts may take judicial notice of the contents of a company's public SEC filings. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (courts may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination"); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009). This remains true for motions to dismiss under Rule 23.1. *In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F. Supp. 3d 1107, 1117 (N.D. Cal. 2015); *Sommers v. Lewis*, 641

F. Supp. 2d 1151, 1164 (D. Or. 2009).

The SEC filings attached to the May Declaration fall into two categories: the Company's certificate of incorporation, filed as an exhibit to RH's annual report on SEC Form 10-K, and certain of the Company's Form 4 filings. Both are routinely treated as proper for judicial notice.

First, the Court may take judicial notice of a certificate of incorporation filed with the SEC, including for the existence of an exculpatory clause, in a motion to dismiss a derivative suit. *In re Bidz.com, Inc. Deriv. Litig.*, 773 F. Supp. 2d 844, 849 n.2, 855 (C.D. Cal. 2011); *see In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F. Supp. 3d at 1117 -1118 (collecting cases that take judicial notice of certificates of incorporation). Likewise, courts routinely take judicial notice of forum selection clauses in certificates of incorporation or bylaws. *See, e.g.*, *In re CytRx Corp. S'holder Deriv. Litig.*, No. CV 14-6414-GHK (PJWx), 2015 WL 9871275, at *1 (C.D. Cal. Oct. 30, 2015). Considering these provisions in a charter or certificate of incorporation is consistent with the Ninth Circuit's recent clarification of the judicial notice doctrine in *Khoja* because Defendants do not ask the Court to consider any disputed facts about, or varying interpretations of, the exculpatory clause. Rather, Defendants merely ask the Court to take judicial notice of the *existence* of the clauses and the *publicly filed text* of the clauses, both of which "can be accurately and readily determined" from the face of the documents and neither of which is "subject to reasonable dispute." *Khoja*, 899 F.3d at 1000, 1001.

Second, on a motion to dismiss "courts may take judicial notice of SEC Forms 4, even when not referenced in the pleading," for the purpose of showing "that stock sales were made pursuant to a Rule 10b5–1 trading plan." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012); *see also In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017). Considering RH's Forms 4 for the purpose of confirming that certain stock sales were made pursuant to a Rule 10b5-1 trading plan is also consistent with the Ninth Circuit's analysis in *Khoja* because the existence of an officer's or director's 10b5-1 trading plan is not a fact "subject to varying interpretations" and is not a fact "subject to reasonable dispute." *See Khoja*, 899 F.3d at 1000.

The Court should take judicial notice of the below listed RH SEC filings.

| Ex. | Description |
|-----|-------------|
| 1 | RH's Restated Certificate of Incorporation, dated January 5, 2017, filed as Exhibit 3.1 to the Form 10-K filed by RH with the SEC on March 29, 2017. |
| 2a-c | Forms 4, Statement of Changes in Beneficial Ownership, filed by RH with the SEC on behalf of Karen Boone. |
| 3a-m | Forms 4, Statement of Changes in Beneficial Ownership, filed by RH with the SEC on behalf of Carlos Alberini. |

## II.   THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.

In the alternative, the Court may also consider RH's Form 4 filings as incorporated by reference in the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts "may consider evidence on which the complaint necessarily relies if (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the [motion to dismiss]." *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1058 (quoting *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010)). Plaintiffs' adoption of information contained in these documents results in these documents being incorporated by reference into the Complaint as if fully set forth therein. *Tellabs,* 551 U.S. at 322; *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). This remains true for motions to dismiss brought under Rule 23.1. *Yahoo*, 153 F. Supp. 3d at 1117 (N.D. Cal. 2015); *Sommers v. Lewis*, 641 F. Supp. 2d at 1164. Additionally, a court may generally assume that the content of a document incorporated by reference is true for purposes of a motion to dismiss, but it is improper to do so if such assumptions "only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

The Court may consider Form 4 filings under the incorporation by reference doctrine where, as here, plaintiffs make insider trading claims and base their allegations in part on a review of a company's SEC filings. (Complaint, at 1); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (finding that plaintiff "clearly gleaned from the SEC Form 3 and 4 filings many of the facts regarding the officers' stock sales"), *superseded by statute on other grounds*; *see also City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1059 ("although Plaintiffs do not explicitly refer to [defendants'] Forms 4 in the Amended Complaint, Plaintiffs' . . . insider

trading allegations do rely expressly on [defendants'] stock sales, which is information disclosed to the public through [defendants'] Forms 4 filed with the SEC"). Considering the 10b5-1 trading plan disclosures contained within RH Forms 4 pursuant to the incorporation by reference doctrine is consistent with the Ninth Circuit's guidance in *Khoja* because the trading plan disclosure does not function to "dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. The Complaint is silent on the issue of trading plans.

Accordingly, the Court should consider the contents of the documents listed in the chart below, all of which are incorporated by reference in the Complaint.

| Ex. | Description | Relied on in Complaint Paragraphs |
| --- | --- | --- |
| 2a-c | Forms 4, Statement of Changes in Beneficial Ownership, filed by RH with the SEC on behalf of Karen Boone. | 124, 126 |
| 3a-m | Forms 4, Statement of Changes in Beneficial Ownership, filed by RH with the SEC on behalf of Carlos Alberini. | 125, 126 |

## CONCLUSION

For the foregoing reasons, RH respectfully requests that the Court take judicial notice and consider the contents of the exhibits described above.

Dated:    September 28, 2018    MORRISON & FOERSTER LLP


By:    *s/ Anna Erickson White*
      ANNA ERICKSON WHITE

Attorneys for Defendants GARY FRIEDMAN, KAREN BOONE, CARLOS ALBERINI, KEITH BELLING, ERI CHAYA, MARK DEMILIO, KATIE MITIC, ALI ROWGHANI, and LEONARD SCHLESINGER, and Nominal Defendant RH

**ECF ATTESTATION**

I, Robert W. May, am the ECF User whose ID and password are being used to file the foregoing document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Anna Erickson White concurs in this filing.

Dated:  September 28, 2016                    MORRISON & FOERSTER LLP

                                                              /s/ *Robert W. May*
                                                             Robert W. May